IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 18, 2001

## KENNETH R. GRIFFIN v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Washington County**
**No. 26850     Lynn W. Brown, Judge**

_____

**No. E2001-01932-CCA-R3-PC**
**February 19, 2002**
_____

Petitioner, Kenneth R. Griffin, appeals from the trial court's summary dismissal of his petition for post-conviction relief.  Pursuant to Tennessee Code Annotated section 40-30-206, the trial court entered an order dismissing the petition without an evidentiary hearing.  In its order, the trial court made a finding of fact that the petition contained no verification of any facts under oath.  Since the petition was devoid of verified facts upon which the trial court could grant relief, it concluded that a dismissal was required.  On appeal, the State agrees with Petitioner that the trial court's judgment should be reversed.  After a thorough review of the record, we reverse the judgment of the trial court and remand this case for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Criminal Court Reversed and Remanded.**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, and ROBERT W. WEDEMEYER, JJ., joined.

Kenneth R. Griffin, Pikeville, Tennessee, pro se.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Joe C. Crumley, Jr., District Attorney General; and Victor J. Vaughn, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

According to the allegations in the petition, Petitioner was convicted of first degree murder and aggravated robbery in the Criminal Court of Washington County following a jury trial on October 1, 1997.  Upon appeal to this Court, both convictions were affirmed.  See State v. Kenneth R. Griffin, No. E1998-00037-CCA-R3-CD, 2000 WL 944010, Washington County (Tenn. Crim. App., Knoxville, July 6, 2000).  Petitioner's application to the supreme court for permission to appeal was denied on February 20, 2001.

On June 4, 2001, Petitioner filed a petition for post-conviction relief alleging ineffective assistance of counsel, both during his trial and on appeal. The petition contained certain allegations of fact in support thereof. At the conclusion of the pleading, Petitioner included the following statement:

DECLARATION UNDER PENTLY [sic] OF PERJURY

I declare under Pentalty [sic] of perjury that the foregoing is ture [sic] and correct. (28 U.S.C. 1746 (2)).
Excuted [sic] thise [sic] the 28th day of May, 2001.

Respectfully Submitted

/s/ Kenneth R. Griffin
KENNETH R. GRIFFIN # 98394
STSRCF
Rt. 4, Box 600
Pikeville, Tenn. 37367

In its brief, the State asserts that the above statement by Petitioner constituted a "verification under oath in the petition," as required by Tennessee Code Annotated section 40-30-204, even though Petitioner cited to 28 U.S.C. § 1746. We respectfully disagree.

Section 1746 of Title 28 of the United States Code, entitled "Unsworn declarations under penalty of perjury," states as follows:

Wherever, under any law of the United States or any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
. . . .

(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).

(Signature).

28 U.S.C.A. § 1746 (1994).

-2-

First, we conclude that the above verification used by the Petitioner does not apply in state court proceedings. In Carter v. Clark, the Fifth Circuit of the United States Court of Appeals held:

> Section 1746 of Title 28, United States Code, was passed in 1976 for the purpose of permitting "the use *in Federal proceedings* of unsworn declarations given under penalty of perjury in lieu of affidavits[.]" H.R. Rep. No. 94-1616, 94th Cong., 2d Sess. 1, reprinted in (1976) U.S. Code Cong. & Admin. News, pp. 5644, 5644. [sic]

Carter v. Clark, 616 F.2d 228, 230 (5th Cir. 1980) (emphasis added).

As relevant in state court proceedings, Tennessee Code Annotated subsections 40-30-204(d) and (e) provide as follows:

> (d) The petitioner shall include all claims known to the petitioner for granting post-conviction relief and shall verify under oath that all such claims are included.
>
> (e) The petitioner shall include allegations of fact supporting each claim for relief set forth in the petition and allegations of fact explaining why each ground for relief was not previously presented in any earlier proceeding. The petition and any amended petition shall be verified under oath. Affidavits, records, or other evidence available to the petitioner supporting the allegations of the petition may be attached to it.

Tenn. Code Ann. § 40-30-204(d), (e) (1997).

The Tennessee Code does not have a statute similar to 28 U.S.C.A. § 1746, concerning unsworn declarations. Consequently, we find that, unless otherwise specified, "verified under oath" means that the person giving the oath must do so in the presence of a third person qualified to take oaths, such as a notary public. Until our legislature mandates otherwise, we are unpersuaded that it is sound policy to allow prisoners to verify their own **petitions**. In this decision, we are guided, in part, by the standard post-conviction petition form provided in Appendix A to Rule 28 of the Rules of the Supreme Court of Tennessee. Specifically, the form requires that the "petitioner's verification under oath" be sworn to in the presence of a notary public. See Tenn. S. Ct. R.28, Appendix A (this standard petition form, "together with Tenn. Code Ann. § 40-30-202(c), is designed to achieve early finality in post-conviction proceedings through one comprehensive petition . . . ."). Conversely, Appendix B, directly following the notary public requirement for verification under oath, suggests that an "affidavit of indigency" may be signed by the petitioner only, without the necessity of another person verifying the particular oath.

Clearly, without proper verification, the petition in the case sub judice is, literally, devoid of factual allegations in support of Petitioner's claim for post-conviction relief. Therefore, in a literal sense, we agree with the trial court's analysis.

However, while Tennessee Code Annotated section 40-30-206(d) provides that a failure to state a factual basis for the grounds alleged in the petition "shall result in immediate dismissal of the petition," the statute also allows the trial court to "enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days," if the petition is filed pro se as in the instant case. In the event the petition, *as amended* in accordance with subsection (d), is found incomplete, Tennessee Code Annotated section 40-30-206(e) provides that "the court shall determine whether the petitioner is indigent and in need of counsel. The court may appoint counsel and enter a preliminary order if necessary to secure the filing of a complete petition. Counsel may file an amended petition within thirty (30) days of appointment." Tenn. Code Ann. § 40-30-206(e) (1997).

In other words, when a petition which initially fails to state a factual basis for the grounds alleged remains incomplete even after the petitioner is allowed an amendment pursuant to section (d), the court shall determine whether petitioner is indigent and in need of counsel. In this case, Petitioner alleges in his petition for post-conviction relief (under the section entitled "requested relief") that, due to his poverty, he was unable to hire counsel. Consequently, he requests the appointment of counsel to represent him in the post-conviction matter.

According to the record, the trial court based its dismissal of the instant petition solely upon the failure of Petitioner to provide verification under oath, even though an attempt by Petitioner to do so is apparent in the record. As previously discussed, the legislature has provided a procedure which allows pro se petitioners the opportunity to amend petitions in order to properly include factual allegations which were omitted from the original petition. See Tenn. Code Ann. § 40-30-206(d), (e) (1997). That procedure should have been followed in this case. We therefore conclude that the order of the trial court dismissing the petition should be reversed, and the case remanded to give Petitioner the opportunity to amend his petition, which should include a proper verification under oath. In addition, counsel should be appointed to assist Petitioner in the amendment process if, in fact, he is found to be indigent. See Curtis L. Hutcherson v. State, No. E2001-00752-CCA-R3-CD, 2001 WL 110313, Washington County (Tenn. Crim. App., Knoxville, Sept. 21, 2001) no perm. to app. filed.

## CONCLUSION

For the reasons stated herein, the judgment of the trial court summarily dismissing the petition for post-conviction relief is reversed, and this case is remanded for further proceedings consistent with this opinion.

_____
THOMAS T. WOODALL, JUDGE